| | |
|---|---|
| 1 | CRAIG H. MISSAKIAN (CABN 125202)<br>United States Attorney |
| 2 | |
| 3 | MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division |
| 4 | MAYA KARWANDE (CABN 295554)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7200 |
| 7 | FAX: (415) 436-7236<br>Maya.Karwande@usdoj.gov |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 4:23-cr-00387-JST [KAW] |
|---|---|
| Plaintiff, | ) **ORDER OF REVOCATION AND DETENTION** |
| v. | ) |
| MARK PIKE, | ) |
| Defendant. | ) |

On October 25, 2023, defendant Mark Pike was charged by Indictment with Possession of Methamphetamine with Intent to Distribute, in violation of Title 21 U.S.C. 841(a)(1), (b)(1)(B)(viii).

This matter came before the Court on November 22, 2023, December 12, 2023, and January 9, 2023 for detention hearings. On April 23, 2024, the defendant was released on conditions so that he could receive medical treatment that he had difficulty obtaining in custody. Conditions of release included that he not commit a Federal, State or local crime while on release. Dkt. 22. Since the defendant was released he has appeared before the Court for numerous bail review hearings following numerous violations of his conditions of release. Most recently, on May 20, 2025, a bail review hearing was held and the defendant's conditions of release were modified to include an ankle monitor and strict conditions of home detention except during periods preauthorized by the defendant's supervising

Pretrial Services Officer. Dkt. 82.

On August 1, 2025, Pretrial Services filed a Pretrial Services Memorandum alleging several violations of the location monitoring release condition and requesting a bail review hearing. Dkt. 88.

On August 11, 2025, Pretrial Services filed a Pretrial Services Informational Memorandum with additional information regarding new criminal conduct by the defendant. Dkt. 91. In addition, Pretrial Services submitted to the Court two reports from the Contra Costa County Sheriff's Office (CCCSO) regarding their ongoing investigation into recent criminal conduct by the defendant. Specifically, on June 18, 2025, CCCSO executed a search warrant for the defendant's residence and found in the defendant's room ammunition and approximately 12 ounces (3/4 pound) of suspected methamphetamine, a scale, baggies, and indicia of the defendant. CCCSO also found $661 cash in the defendant's wallet. Based on their training and experience, the quantity of methamphetamine, and the indicia of sales (small baggies, scale, and cash) CCCSO believed that defendant possessed the methamphetamine for distribution in violation of California Health and Safety Code 11378. Further, the defendant is a felon and is prohibited under 18 U.S.C. 922(g)(1) from possessing ammunition.

On August 3, 2025, CCCSO stopped a woman while she was driving the defendant's purple Cadillac Escalade that bears the license plate "MRPIKE." At the time of the stop, the woman was on the phone with an individual saved in her phone as "Pike." The CCCSO Sergeant recognized, based on numerous prior contacts and arrests, the voice on the other end of the phone as belonging to the defendant. CCCSO searched the vehicle and found approximately 2.5 pounds of methamphetamine on the floor behind the passenger seat. The woman driving the vehicle stated she had picked up the bag of methamphetamine (claiming she did not know what it was) and was bringing it to the defendant at his house since he was on home detention.

On August 12, 2025, the matter came before the Court for a revocation hearing. Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that there is probable cause that the defendant committed a Federal, State or local crime while on release, namely, possessing methamphetamine for distribution and being a felon in possession of ammunition. 18 U.S.C. § 3148(b)(1). The Court further finds there is clear and convincing evidence that the defendant violated the location monitoring condition of his release. 18 U.S.C. § 3148(b)(2). The

Court also finds that based on the factors set forth in 18 U.S.C. 3142(g), that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community and that the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2). Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the August 12, 2025 revocation and detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 14, 2025

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge